## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHARLA MARIE OWENS | ) | Case No. 17−33729−KLP |
| | ) | Chapter 13 |
| Debtor | ) | |

### NOTICE OF MOTION TO EXTEND THE AUTOMATIC STAY AND HEARING

The above named Debtor, by counsel, has filed a Motion to Extend the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON August 16, 2017 at 10:00 a.m. in Honorable Judge Keith L. Phillips' Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5100, Richmond, VA 23219.**

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad Street, Room 4000
> Richmond, VA 23219-3515

2.  You must also mail a copy to:

> James E. Kane, Esquire
> Kane & Papa, PC
> P.O. Box 508
> Richmond, VA  23218-0508

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

Respectfully submitted,

SHARLA MARIE OWENS
By Counsel


/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on August 2, 2017, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.


/s/ James E. Kane
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHARLA MARIE OWENS | ) | Case No. 17−33729−KLP |
| | ) | Chapter 13 |
| Debtor | ) | |

**MOTION TO EXTEND AUTOMATIC STAY AND**
**MEMORANDUM IN SUPPORT THEREOF**

COMES NOW SHARLA MARIE OWENS  (the "Debtor"), by counsel, pursuant to 11

U.S.C. § 362(c)(3)(B) and files the following Motion to Extend Automatic Stay and Memorandum

in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1.      Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334

and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2.      This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K),

and (O).

3.      Venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

4.      On July 24, 2017 (hereinafter the "Petition Date"), the Debtor filed a petition for

relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5.      Within the year prior to filing the instant case, Debtor has been a debtor in one (1)

pending Chapter 13 bankruptcy case, which was filed on May 22, 2015 and dismissed on or about

June 13, 2017 (Case No. 15-32673) (the "previous case").

6.      The previous case was dismissed by the Court because the Debtor was delinquent

in her payments to her Chapter 13 Trustee.  In July 2016, the Debtor switched jobs.  Her starting

wages with her new place of employment were less than what she had been making.  Her reduced

income made it difficult to keep up with her regular monthly bills, so she fell behind in her

bankruptcy payments.  She has now been with the company for about one (1) year.  Her income is

now stable again, and she expects to receive an increase in wages in the next two (2) months after

her employer goes through an accreditation process.

### Facts of the Instant Case

7.      In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits

to pay the Trustee all projected disposable income, $225.00 for a period of sixty (60) months.

8.      Among other provisions, the Plan proposes the following: Payment through the

Trustee to the City of Richmond, the Virginia Department of Taxation, and the Internal Revenue

Service for taxes; to Capital One Auto Finance for a vehicle; and to unsecured creditors a dividend

of approximately one percent (1%).

### Discussion

9.      Because the instant case was commenced within one (1) year of the dismissal of

the prior case, the automatic stay in the instant case will expire "with respect to any action taken

with respect to a debt or property securing such debt or with respect to any lease . . . " unless the

Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10.      Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that

the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11.      If the Court finds grounds for presuming the instant case was filed "not in good

faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove

good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming

the instant case was filed "not in good faith," Debtors must merely prove good faith by a

preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re

Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12.    Within the context of motions to continue the automatic stay pursuant to

§ 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good

faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th

Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left

unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13.    Pursuant to Neufeld v. Freeman, good faith determinations require courts to

consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the

period of time payment will be made, the debtor's employment history and prospects, the nature

and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in

representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at

152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether

or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the

proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20

at 319 (14th ed. 1978).

14.    In order to apply the Fourth Circuit's definition of good faith in determining

whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied

that the plan in the new case will succeed where the plan in the prior case did not. Usually this will

require a finding that some change in the financial or personal affairs of the debtor has occurred

that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry

does not end there. The court needs to determine that the repetitive filing does not violate the spirit

of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent

5

a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." Chaney

at 694.

**Argument**

15.     In the case *sub judice* there is a presumption that the instant case was filed "not in

good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that

the instant case was filed in good faith.

16.     In the instant case, the Debtor has acted in good faith, and Debtor requests that the

Court grant an extension of the automatic stay as to all creditors, as to Debtor and her property,

and as to the property of the estate for the duration of the instant case. In support thereof, Debtor

submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this

reference.

17.     Applying the Neufeld factors to Debtor's circumstances and to this case leads to

the following conclusions:

a.      *Percentage of proposed repayment* - The Plan proposes to pay a dividend of one

percent (1%) to non-priority unsecured creditors. Such creditors would receive a dividend of zero

percent (0%) if Debtor were to file a Chapter 7 bankruptcy case.  Application of this factor favors

a finding of good faith.

b.      *Debtor's financial situation* – Debtor has income from her employment with ALBC

School, where she has been employed for over one (1) year.  Application of this factor favors a

finding of good faith.

c.      *Period of time payment will be made* - The period of time in which payments will

be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors

a finding of good faith.

d.      *Debtor's employment history and prospects* – Debtor has income from her

employment with ALBC School, where she has been employed for over one (1) year.

e.      *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority

unsecured debts are estimated to be approximately $7,302.00 Debtor has not incurred any

unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts

or pay day loans within the 90 days prior to filing the instant case.  Application of this factor favors

a finding of good faith.

f.      *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact

that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof.

The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was

dismissed.  Debtor incorporates such explanation herein by this reference. Debtor's hardships do

not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far

unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good

faith.

g.      *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets,

liabilities, and pertinent information regarding personal and financial affairs and is prepared to

cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good

faith.

h.      *Any unusual or exceptional problems facing the particular debtors* – There are no

unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good

faith.

18.      Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy

Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part

of the debtor to advance the goals and purposes of chapter 13". *See* <u>Chaney </u>at 694. In support

hereof, the Debtor asserts the following additional arguments:

      a.    *The timing of the petition* – Between the dismissal of the previous case and the

instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not

delay in filing the instant case so as to intentionally frustrate creditors.  Debtor's actions in this

regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner.

Application of this factor favors a finding of good faith.

      b.    *How the debt(s) arose* – The debts in this case arose primarily over a period of time

extending back several years. The debts were not the result of misuse of credit or luxury spending;

rather, they arose as a result of ordinary living expenses that Debtor became unable to repay.

Application of this factor favors a finding of good faith.

      c.    *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to

apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of

this factor favors a finding of good faith.

      d.    *How the debtor's actions affected creditors* – The Plan provisions and treatment of

creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor,

because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." <u>Galanis</u>, 334

B.R. at 696.

      e.    *Changes in circumstance and ability to complete this case* – The Affidavit attached

hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the

legitimate bases for the filing of this case as well as the Debtor's ability to complete this case.

Debtor incorporates such explanations herein by this reference. Application of this factor favors a

finding of good faith.

WHEREFORE, for the foregoing reasons, SHARLA MARIE OWENS respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and her property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

Respectfully submitted,

SHARLA MARIE OWENS
By Counsel:

/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that on August 2, 2017, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **EXHIBIT 1** |
| SHARLA MARIE OWENS | ) | Case No. 17−33729−KLP |
| | ) | Chapter 13 |
| Debtor | ) | |

### AFFIDAVIT OF SHARLA MARIE OWENS

BEFORE ME, the undersigned authority, personally appeared SHARLA MARIE OWENS, known to me, and upon her oath, stated as follows:

1.      My name is SHARLA MARIE OWENS.  I am above the age of 18 years, and competent to make this affidavit.

2.      I have personal knowledge of the facts set forth in this affidavit.

3.      I reside at 5835 Willow Oaks Drive, Apartment C, Richmond, VA 23225.

4.      I have income from my employment with ALBC School, where I have been employed for over one (1) year.

5.      During the one (1) year prior to filing the present case, I was a debtor in one (1) pending bankruptcy case that was dismissed.  The previous case was a Chapter 13 bankruptcy case, which was filed on May 22, 2015 and dismissed on or about June 13, 2017 (Case No. 15-32673)

6.      The previous case was dismissed by the Court because I was delinquent in my payments to my Chapter 13 Trustee.  In July 2016, I switched jobs.  My starting wages with my new place of employment were less than what I had been making.  My reduced income made it difficult to keep up with my regular monthly bills, so I fell behind in my bankruptcy payments.  I have now been with the company for about one (1) year.  My income is now stable again, and I

expect to receive an increase in wages in the next two (2) months after my employer goes through an accreditation process.

7.      I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

8.      I will propose the following treatment of my creditors in my Chapter 13 Plan: payment through the Trustee to the City of Richmond, the Virginia Department of Taxation, and the Internal Revenue Service for taxes; to Capital One Auto Finance for a vehicle; and to unsecured creditors in a dividend of approximately one percent (1%).

9.      I am proposing to pay the Trustee all projected disposable income, $225.00 for a period of sixty (60) months.

10.     After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

11.     My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

12.      I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

13.     I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.  In addition to repaying my creditors what I can afford and obtain a discharge of my indebtedness, the purpose of my bankruptcy filing is to pay my tax debts, vehicle, and resolve my unsecured debts.

14.    My income is consistent and likely to remain so during this case.  My household expenses are not likely to change substantially.  I believe that I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on July 19, 2017.

/s/ Sharla Marie Owens                (seal)
Sharla Marie Owens

## <u>CERTIFICATE OF ACKNOWLEDGMENT</u>

State of Virginia
City of Richmond; to wit:

The foregoing instrument was acknowledged before me this 19th day of July, 2017, by Sharla Marie Owens.

/s/ Cristina Marie Diez
Notary Public

My Commission Expires:    August 20, 2020
Notary Registration Number:    7691239

Label Matrix for local noticing
0422-3
Case 15-32673-KRH
Eastern District of Virginia
Richmond
Wed Aug  2 12:48:51 EDT 2017

Capital One Auto Finance
P.O. Box 201347
Arlington, TX 76006-1347

United States Bankruptcy Court
701 East Broad Street
Richmond, VA 23219-1888

Afni, Inc
PO Box 3667
Bloomington, IL 61702-3667

Ashley Funding Services, LLC its successors
assigns as assignee of Laboratory
Corporation of America Holdings
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Atlas Acquisitions LLC
294 Union St.
Hackensack, NJ 07601-4303

Bottom Dollar Payday
c/o  PDL Supportcom LLC
P.O. Box 19504
Lenexa, KS 66285-9504

CJW Medical Center
PO Box 13620
Richmond, VA 23225-8620

Capital One Auto Finance
Attn:  Bankruptcy Department
P.O. Box 260848
Plano, TX 75026-0848

Capital One Auto Finance, a division of Capi
P.O. Box 201347
Arlington, TX 76006-1347

Capital One Auto Finance, c/o Ascension Capi
P.O. Box 201347
Arlington, TX 76006-1347

Capital One Bank USA NA
P.O. Box 30281
Salt Lake City, UT 84130-0281

Check City
PO Box 970183
Orem, UT 84097-0183

City of Richmond - City Hall
Room 109 Delinquent Taxes
900 East Broad Street
Richmond VA 23219-1907

City of Richmond - TAX
City Hall
900 E. Broad Street, Room 100
Richmond, VA 23219-1907

Cjw Medical Center
Resurgent Capital Services
PO Box 1927
Greenville, SC 29602-1927

County of Chesterfield
Dept of Utilities
P.O. Box 608
Chesterfield, VA 23832-0009

Credit Adjustment Board
8002 Discovery Drive
Suite 311
Henrico, VA 23229-8601

Deborah Porter
2337 Ardendale Ave
Akron, OH 44312-1301

Durham & Durham, L.L.P.
Re:
5665 New Northside Drive, #340
Atlanta, GA 30328-5834

FFCC-COLUM
PO Box 20790
Columbus, OH 43220-0790

GE Capital
PO Box 642333
Pittsburgh, PA 15264-2333

GECRB/HHGR
P.O. Box 981439
El Paso, TX 79998-1439

Herbert W. Baker
301 Main Street
PO Box 400
Zanesville, OH 43702-0400

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Johnsons Community Bonding
RE: Bankruptcy
1821 East Nine Mile Road
Highland Springs, VA 23075-2309

LCA Collections
Re: LabCorp
1250 Chapel Hill Road
Burlington, NC 27215-7141

Labcorp
Re: Bankruptcy Dept.
PO Box 2240
Burlington, NC 27216-2240

Medical Payment Data
P.O. Box 9500
Wilkes Barre, PA 18773-9500

| | | |
|---|---|---|
| Navient<br>P.O. Box 9635<br>Wilkes Barre, PA 18773-9635 | Navient Solutions Inc.<br>Department of Education Loan Services<br>Po Box 9635<br>Wilkes-Barre PA. 18773-9635 | Office of the US Trustee<br>701 E. Broad Street<br>Room 4304<br>Richmond, VA 23219-1885 |
| Patient First<br>Attn: Patient Accounts<br>5000 Cox Road, Suite 100<br>Glen Allen, VA 23060-9263 | Patient First<br>Re: Bankruptcy<br>PO Box 758941<br>Baltimore, MD 21275-8941 | Porania LLC<br>P. O. Box 11405<br>Memphis, TN 38111-0405 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Primary Care Health Services<br>PO Box 11768<br>Richmond, VA 23230-0168 | Primecare Health Services<br>PO Box 11768<br>Richmond, VA 23230-0168 |
| Professional Emer Care<br>2987 Momentum Place<br>Chicago, IL 60689-5329 | Radiology Assoc. of Richmond<br>2602 Burford Rd.<br>Richmond, VA 23235-3422 | Receivables Management Systems<br>PO Box 8630<br>Richmond, VA 23226-0630 |
| Scott Faulconer<br>1568 W. Archwood Ave<br>Akron, OH 44306-0000 | Sears/CBNA<br>P.O.Box 6282<br>Sioux Falls, SD 57117-6282 | Time Warner Cable<br>3140 W Arrowood Road<br>Charlotte, NC 28273-0001 |
| Virginia Dept of Taxation<br>P.O. Box 2156<br>Richmond, VA 23218-2156 | Virginia Emer Phys LLP<br>Mail Processing Center<br>P.O. Box 41309, Dept. 142<br>Nashville, TN 37204-1309 | WEBBANK/Fingerhut<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303-0820 |
| Willow Oaks Apartments<br>6002 Willow Oaks Drive<br>Richmond, VA 23225-2415 | Carl M. Bates<br>P. O. Box 1819<br>Richmond, VA 23218-1819 | Laura Taylor Alridge<br>Boleman Law Firm, P.C.<br>P.O. Box 11588<br>Richmond, VA 23230-1588 |
| Sharla Marie Owens<br>5835 Willow Oaks Drive Apt. C<br>Richmond, VA 23225-2471 | Stephen F. Relyea<br>Boleman Law Firm, P.C.<br>PO Box 11588<br>Richmond, VA 23230-1588 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| IRS<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


| | | |
|---|---|---|
| (u)First Fed Credit Control | (d)Internal Revenue Service | End of Label Matrix |
| RE:  Osoteo Jr. | P.O. Box 7346 | Mailable recipients    52 |
| 2470 Chagrin Blvd, Ste 205 | Philadelphia, PA 19101-7346 | Bypassed recipients     2 |
| | | Total                  54 |